

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. C-1399
Re: State not entitled to collect a
tax on beer consumed on the pre-
mises of a manufacturer or upon
beer which has been dumped on
such premises.

This will acknowledge receipt of your letter
of September 7, 1939, wherein you submit for an opinion
of this department the following questions:

"1. Is the State of Texas entitled to
collect a tax on beer consumed on the pre-
mises of a manufacturer?

"2. Is the State of Texas entitled to
collect a tax on beer which has been dumped,
on the premises of a manufacturer?"

Your inquiries necessarily infer that the manu-
facturers in question are Texas manufacturers.

Section (d) of Article 667-23, Penal Code of
Texas, 1925, reads:

"On beer manufactured in this State the
duty of paying the tax and affixing and can-
celling the stamp as required herein shall
rest primarily upon the manufacturer, and it
is hereby declared to be unlawful for any
manufacturer to transport any beer or to de-
liver to any person any beer to be transported
away from the brewery of said manufacturer un-
less and until tax has first been paid and the
tax stamp evidencing such payment has been
first affixed and cancelled as required by
this Act; provided, however, that no person
holding a Manufacturer's License in this
State shall be required to affix stamps on any

containers of beer stored in the brewery
where same is brewed or being transported
therefrom to a point outside of this State."

It will be noted that it is "unlawful for any
manufacturer to transport any beer or to deliver to any
person any beer to be transported away from the brewery
of said manufacturer unless and until tax has first
been paid...." (underscoring ours). We note no prohibi-
tion in this or elsewhere in the law against a manufactur-
er giving away beer to be consumed upon the premises.

Section (a) of Article 667-23, Penal Code of
Texas, 1925, reads:

"There is hereby levied and assessed a
tax at the rate of One Dollar and Twenty-four
cents ($1.24) per barrel on all beer sold,
stored, distributed, transported, or held for
the purpose of sale in this State whether
manufactured in or imported into this State.
Said tax shall be paid and evidenced by plac-
ing stamps, which the State Treasurer is herein
authorized to provide in the denominations re-
quired, on each original package as defined
in this Article; provided, further, that at the
time said stamp is affixed the person affixing
the stamp shall with indelible ink or stamp
cancel the same by placing the date and the
licensee's full name or initials upon said
revenue stamp."

It is manifest that the legislature intended that
the tax provided for was to be levied upon beer sold, and
upon beer stored, distributed, or held for the ultimate
purpose of sale within the State. Nowhere in the act do
we find any intention on the part of the legislature to
levy and collect a tax upon beer which is not sold or
which is not distributed, transported, or held for the
ultimate purpose of sale. If beer is given away and con-
sumed upon the premises of the manufacturer or is dumped,
so as to render such beer incapable of reaching the
channels of commerce no tax is due thereon.

Hon. Bert Ford, Page 3

We therefore answer both your questions in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:AF

APPROVED SEP 27, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN